**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 5, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOLYN K. FURLEY,

    Defendant - Appellant.

No. 25-8069
(D.C. No. 2:24-CR-00064-ABJ-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT***
_____

Before **PHILLIPS**, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

Jolyn K. Furley pled guilty to one count of conspiracy to distribute

methamphetamine.  The district court sentenced her to 168 months in prison, which was

at the low end of the advisory sentencing guidelines range of 168 to 210 months.  She

filed a notice of appeal.  The government has now moved to enforce the appeal waiver in

her plea agreement under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004)

(en banc).  Ms. Furley's counsel filed a response to the motion and moved to withdraw,

citing *Anders v. California*, 386 U.S. 738 (1967).  Counsel stated that "he has conducted

a conscientious examination of Ms. Furley's case and determined that opposition to the

---

* This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

United States' Motion to Enforce Appeal Waiver (Doc. 20) would be wholly frivolous." Resp. at 1.  Consistent with *Anders*, 386 U.S. at 744, we gave Ms. Furley the opportunity to file a pro se response.  Her response was initially due on February 18, 2026, and we sua sponte extended the deadline to March 4, but to date she has not filed a response.

We will enforce an appeal waiver if (1) "the disputed appeal falls within the" waiver's scope; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) enforcing the waiver would not "result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325.  The government argues that all three of these conditions are met in this case.

As required by *Anders*, we fully examined all the proceedings.  *See* 386 U.S. at 744.  After doing so, we agree there is no non-frivolous basis to oppose the government's motion.  We therefore grant the government's motion to enforce the appeal waiver and dismiss the appeal.  We also grant counsel's motion to withdraw as Ms. Furley's attorney.

Entered for the Court

Per Curiam